**In the Matter of John M. JOYCE, Respondent.**

**No. 29S00–1305–DI–346.**

Supreme Court of Indiana.

May 15, 2014.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** United Financial Systems Corporation ("UFSC") was an insurance marketing agency that provided estate planning services advertised to avoid probate. From February 2000 to December 2009, Respondent provided legal services to UFSC customers. Prospective customers who responded to UFSC's solicitations dealt with non-lawyer sales representatives who were not directly supervised by Respondent. If a customer signed a sales agreement, UFSC referred the customer to Respondent or another attorney.

Respondent typically spoke with clients by telephone and rarely advised a client to purchase a type of estate plan that had not been selected with the assistance of the sales representative. UFSC provided Respondent with templates for correspondence. Legal documents provided to Respondent by another attorney also may have been provided originally by UFSC. After preparing the estate plan documents, Respondent sent the documents to UFSC, where a sales representative assisted the

clients in executing them. At that time, the sales representative also attempted to sell insurance products to the clients. UFSC paid Respondent a small portion of the total fee collected from a client's purchase of an estate plan.

This Court has held that UFSC engaged in the unauthorized practice of law for several years. *See State ex rel. Indiana State Bar Ass'n v. United Financial Systems Corp.*, 926 N.E.2d 8 (Ind.2010). Respondent was a named defendant in that case. He has no prior disciplinary history.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(a)(2):  Failure to reasonably consult with a client about the means by which the client's objectives are to be accomplished.

1.8(f):  Improperly accepting compensation for representing a client from one other than the client.

5.4(a):  Improperly sharing legal fees with a nonlawyer.

5.4(c):  Permitting a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

5.5(a):  Assisting in the unauthorized practice of law.

7.3(e) (2009):  Improperly accepting referrals from a lawyer referral service.

**Discipline:** The parties propose the appropriate discipline is **suspension for 180 days without automatic reinstatement.** This proposal is supported by discipline imposed for similar misconduct. *See Matter of Dilk,* 2 N.E.3d 1263 (Ind.2014). The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning June 20, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.