**In the MATTER OF: Pamela FRATINI, Respondent**

**Supreme Court Case No. 10S00-1612-DI-658**

Supreme Court of Indiana.

February 10, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Loretta H. Rush, Chief Justice of Indiana

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b) (2017), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** From November 2011 to November 2013, Respondent was affiliated with US Legal Services Group ("USLSG"), a California corporation that advertised various debt-relief services nationwide, including in Indiana, via a website and direct mail solicitation. Debtors who responded to USLSG were screened by nonlawyers, who then would have debtors sign a "Retainer Agreement." These agreements provided for a nonrefundable fee of $399, a legal fee equal to 18% of the total debt at issue, and monthly payments toward escrow and legal fees over a four-year span. Once a sufficient sum had accumulated in escrow, USLSG would begin attempting to negotiate the debt.

Respondent would receive the Retainer Agreements after they had been signed by the debtor and the USLSG nonlawyer. She

would review the file to ensure the debt settlement program was suitable to each debtor's needs and then add her signature on a line indicating "Approved By: _____, IN attorney." Respondent did not supervise the initial meetings between debtors and USLSG or the debt settlement services performed by nonlawyer personnel.

The Retainer Agreements generally excluded representation of the debtor if sued by a creditor. However, if the debtor made three payments, USLSG would provide "Debt Defense," defined in the agreements as "legal services and assistance on a pro per basis (representation of oneself without an attorney)." In some of these instances, Respondent drafted an answer to be filed *pro se* by the debtor.

Respondent had authority to, and sometimes did, consult with debtors assigned to her. However, she did not consult with every client whose file she reviewed and did not consult with them about her limited role until after they had signed the Retainer Agreement, if at all. During the two years at issue, Respondent was involved in this limited capacity in 149 cases.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(a)(1): Failure to promptly inform a client of circumstance (limited scope of employment) to which the client's informed consent is required.

1.4(a)(5): Failure to consult with client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance.

5.3(b) and Guideline 9.3: Failure to make reasonable efforts to ensure that the conduct of a nonlawyer over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

5.5(a): Assisting in the unauthorized practice of law.

8.4(a): Knowingly assisting another to violate the Rules of Professional Conduct (specifically, charging and collecting an unreasonable fee and using an improper trade name).

**Discipline:** The parties propose the appropriate discipline is a suspension of six months without automatic reinstatement. This discipline is consistent with that imposed in other cases involving similar misconduct. *See* Matter of Joyce, 9 N.E.3d 142 (Ind. 2014); Matter of Dilk, 2 N.E.3d 1263 (Ind. 2014). The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning March 24, 2017.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18)(b) (2017). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. Id.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.